O’Neall, J.
delivered the opinion of the Court.
In this case, were it not for the words “it being a part of a tract of land granted to Daniel Brown,” the last part of the description contained in the deed from the plaintiff to the defendant, no one, not even the intelligent and zealous counsel for the plaintiff, would contend that the plaintiff could recover. The rule of construction of a deed is, that all the parts of a description contained in a deed should be taken together, and no part suffered to control absolutely the others. So too, when there is doubt, the rule is, that the words should be more strongly construed against the grantor. So it often happens, that facts outside of the deed, not inconsistent with its terms, may have a powerful effect. Having stated these rules, it will be necessary to look to the description, and apply it in subordination to them. The southern boundary is plain. It is the line A. B. on the plat of Mr. White, filed with this opinion. The difficulty is about the boundary — “west by land granted to David Richardson.” Before considering that, it will be important to fix' the northern boundary, which is described “by part of the same tract, beginning on the west line, near the road leading from Mrs. Culpepper’s to Mrs. Strother’s, and running from thence nearly parallel with the said road till it intersects the east line, or land of Hugh Neal.” The corner C. on the west line of the new grant to Foy is found, and was, up to this dispute, the acknowledged corner of the land bought by the defendant from the plaintiff. It answers the description contained in the deed, it is near the road from Mrs. Culpepper’s to Mrs. Strother’s, is on the west line; from it, several line *159 trees on the land in dispute were found by the surveyor, (Abies) although the son of the plaintiff swore there were none. It was near this point, and on the land in dispute, that Hill’s slaves were cutting timber, when the plaintiff asked Hill if he was aware he was on defendant’s land. The question as to this comer was distinctly submitted to the jury, and they were told upon it very much depended the location of the deed. Their verdict must be taken to have established it. Taking that as settled, the northern boundary C. D. is established. This being so, it is now only necessary to connect it and the southern boundary on the west.- For about the eastern boundary there is no dispute. The grant to David Richardson not only included his grant to Savage, the line of which is represented by G. H. and from C. to L. and from N. to G. is identical with the line of the plaintiff’s junior grant, but also ran into the Daniel Brown grant by the line L. F. the prolongation of which from F. to I. was identical with the line of the Brown grant. To preserve the entire grant to Richardson as a boundary, it would be necessary to begin at I. the intersection of the Brown line with the northern boundary — but that cannot be, for two reasons. 1st. There is no corner at that point; it is found at G. 2d. Run from I. and it cuts off part (the angles B. P. F.) of the Daniel Brown grant. But the words, “ land granted to David Richardson,” do not necessarily mean the grant in its exact boundary. -Cut off from that grant I. E. L. E. and still the balance of the tract is “ land granted to David Richardson.” Taking the corner G. as established, and finding that Foy, the plaintiff, owned, by a junior grant, the land I. O. L. E. at the date of his deed, and that the line on which we find the corner was then his west line, we are justified in following it to L. where we strike the line of the Daniel Brown grant, and turning on it to M. and N. we here resume the line of the David Richardson grant as a boundary, which carries us to G. and O. From O. to A. is the line of the Daniel Brown grant. This gives a very satisfactory location of the deed. But when to this is added that if it be not adopted we lose David Richardson as a boundary, in fact on the whole line, except at L. M. N. the location receives much strength. For if it were true that the plaintiff did not convey the land in dispute, then he ought to have described the western boundary thus: — “by lands granted to William Foy and David Richardson.” For O. G. N. and I. C. L. E. are within the plaintiff’s junior grant. But it is said the words “it being part of a tract of land granted to Daniel Brown,” confine the location to that grant; that, however, would be to give to one part of the description a controlling effect over *160 all the others, and make it destroy the legal effect of the terminus of the northern boundary, the comer at C. This is in violation of the rules stated, and cannot be allowed: but considered as part of a general description, it is in the main complied with. For the bulk of the land was granted to Daniel Brown. Reading the whole deed together, and giving to the description a fair and reasonable construction, aided by the marks upon the ground, and regarding the words of the deed as those of the plaintiff, and giving them all the effect which their import will allow against him, there can be no difficulty in saying that the jury might adopt, as they have done, the lines C. L. M. N: and G. as the western boundary of the plaintiff’s deed.
The motion is dismissed.
Richardson, J. Evans, J. and Withers, J. concurred.

Motion refused.